IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICKEY AUSTIN                                                                                    PLAINTIFF

VS.                                                                                      NO. 2:04CV96-D-A

MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY, et al.                                                                              DEFENDANTS

OPINION GRANTING MOTIONS FOR SUMMARY JUDGMENT

Presently before the Court are the Defendants' motions for summary judgment. Upon due consideration, the Court finds that the motions shall be granted.

*A. Factual Background* [1]

This 1983 action was commenced on April 2, 2004, by the Plaintiff Rickey Austin. The only factual averments by the Plaintiff are contained in his complaint wherein he alleges,

> on or about May 24, 2002, when the Defendants . . . chased the Plaintiff into some woods after a car chase which had been initiated for suspicion of driving on a suspended license. After Plaintiff's car was immobilized, Plaintiff, in fear for his safety, ran from the Law Enforcement Officers into some woods. Said Law Enforcement Officers caught Plaintiff and thereafter maliciously beat Plaintiff with their fists, flashlights, clubs and boots after Plaintiff had been placed in custody. The Law Enforcement Officers further applied "pepper spray" to Plaintiff after being placed in custody. Law Enforcement Officers used excessive force in restraining Plaintiff with tight handcuffs. As a result, Plaintiff suffered serious injuries including but not limited to fractured jaw, fractured eye socket, lacerated head, chipped teeth, bruised ribs, bruised wrists and arms, bruised torso, and permanent nerve damage.

The Plaintiff contends that this event has violated his constitutional rights.

The Defendants' version of events, not surprisingly, differs from that of the Plaintiff.[2] The

---

[1] In the absence of any response from the Plaintiff, most of the factual detail has been extracted from the Defendants' motions, accompanying memoranda and exhibits.

[2] Some of the factual details have also been derived from the Plaintiff's complete failure to respond to discovery despite an order compelling the same. As a result, the Defendants' requests for admissions are deemed admitted. Fed. R. Civ. P. 36. These admissions by default

Defendants offer that on the night of May 24, 2002, Austin was a suspect in an alleged domestic violence/rape incident. Having just escorted the alleged victim home, Sheriff's Deputy Hissong recognized Austin's vehicle and pulled him over. Hissong asked for Austin's driver's license. Austin refused, fled in his vehicle and a chase ensued. Deputy Hissong was joined in the chase by Deputies Billingsley and Travis and State Trooper Harding. During the pursuit, Austin drove his car in excess of the speed limit, failed to stop for traffic signals and/or stop signs, and drove on the wrong side of the road. The chase ended when Austin rammed an officer's car, lost control and drove into a residential yard. Austin exited his vehicle and fled on foot into a wooded area followed by Harding, Deputies Billingsley, Hissong and Gullick.

Billingsley was the first to confront Austin. Austin resisted and a physical struggle ensued. Apparently, Austin had managed to climb on top of and choke Deputy Billingsley. Realizing that a struggle was in progress and without the benefit of daylight, the officers did not know if Austin had managed to gain control of the Deputy's gun. In fact, when asked if he had his weapon, Billingsley indicated he did not have his gun. Obviously, the officers' perceived threat level increased. Witnessing the struggle and with knowledge that Austin may have a weapon, Harding instructed Austin to "stop." When he refused to cooperate, Harding struck Austin with a flashlight. The first blow had little effect and Harding struck Austin for a second time. Harding alleges that he struck Austin on the neck and shoulder. The other Defendants recall Harding striking Austin in the head.

The second blow caused Austin to release the pinned Deputy. Austin was then placed in

---

can appropriately be considered for summary judgment purposes. Fed. R. Civ. P. 56(c); <u>Carney v. IRS</u>, 258 F.3d 415, 420 (5th Cir. 2001) ("Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record.").

handcuffs by other officers. Austin, however, continued being verbally and physically disruptive. Trying to put an end to Austin's behavior and simultaneously attend to the downed officer, Deputy Hissong sprayed Austin with a "chemical agent." Both Austin and Deputy Billingsley received medical treatment. Austin left the hospital against medical advice and was taken to jail. On April 7, 2003, Austin entered an Alford plea to the charge of simple assault on a police officer, that officer being Deputy Billingsley.

As of this writing, approximately three months after being filed, the Plaintiff has not responded or indicated an intent to respond to the Defendants' motions for summary judgment. Though the Court may not grant the motions for that reason alone, the lack of response is illuminating in and of itself. See Uniform District Court Rule 7.2(C)(2).

*B. Standard for Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of

summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

1. Section 1983 Claims and Fourth Amendment Claim

In 1994, the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), held that a plaintiff's section 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been reversed or otherwise terminated in the plaintiff's favor. The Court specifically instructed:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 2372 (footnotes omitted).

The Fifth Circuit has similarly held that a section 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been reversed or otherwise terminated in the plaintiff's favor. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996);

also Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that a plaintiff's section 1983 claim, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the claim be allowed to proceed. Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

In light of the above principles, Austin's Fourth Amendment claim, which arises from the use of force exercised by the Defendants, must be examined in light of the Heck holding. Thus, the Plaintiff's excessive force claims may be entertained only if the Court determines that holding in Plaintiff's favor will not necessarily imply the invalidity of his criminal conviction. Applying this test, the Court concludes that Austin's excessive force claim is not cognizable under section 1983.

Here, Austin was arrested and pled to simple assault on a law enforcement officer. In an analogous case, the Fifth Circuit instructed that in light of the principals espoused in Heck, "an excessive force claim under section 1983 is barred as a matter of law if brought by an individual convicted of ... assault related to the same events." Hainze v. Richards, 207 F.3d 795, 798-99 (5th Cir. 2000) (citing, Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999)). Thus, as provided in Sappington, the force used by the deputies to subdue and restrain Austin cannot be deemed excessive. Having concluded that Austin has not established a violation of a constitutional right, the Court need not address whether the individual Defendants are entitled to qualified immunity. See, Sappington, 195 F.3d at 238.

Here, Austin's claim that the Defendants used excessive force while apprehending him, if proved, would necessarily imply the invalidity of his arrest and subsequent plea for assault upon a law enforcement officer. He must, therefore, demonstrate that his conviction has been invalidated in order for the cause of action to accrue. See, Heck, 512 U.S. at 486-87. This the Plaintiff has

also Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that a plaintiff's section 1983 claim, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the claim be allowed to proceed. Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

In light of the above principles, Austin's Fourth Amendment claim, which arises from the use of force exercised by the Defendants, must be examined in light of the Heck holding. Thus, the Plaintiff's excessive force claims may be entertained only if the Court determines that holding in Plaintiff's favor will not necessarily imply the invalidity of his criminal conviction. Applying this test, the Court concludes that Austin's excessive force claim is not cognizable under section 1983.

Here, Austin was arrested and pled to simple assault on a law enforcement officer. In an analogous case, the Fifth Circuit instructed that in light of the principals espoused in Heck, "an excessive force claim under section 1983 is barred as a matter of law if brought by an individual convicted of ... assault related to the same events." Hainze v. Richards, 207 F.3d 795, 798-99 (5th Cir. 2000) (citing, Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999)). Thus, as provided in Sappington, the force used by the deputies to subdue and restrain Austin cannot be deemed excessive. Having concluded that Austin has not established a violation of a constitutional right, the Court need not address whether the individual Defendants are entitled to qualified immunity. See, Sappington, 195 F.3d at 238.

Here, Austin's claim that the Defendants used excessive force while apprehending him, if proved, would necessarily imply the invalidity of his arrest and subsequent plea for assault upon a law enforcement officer. He must, therefore, demonstrate that his conviction has been invalidated in order for the cause of action to accrue. See, Heck, 512 U.S. at 486-87. This the Plaintiff has

failed to do.

Contrary any argument the Plaintiff may have attempted, a conviction resulting from an Alford plea is a conviction nonetheless. North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). It is completely illogical to conclude that entering a plea is tantamount to a favorable termination. While the Fifth Circuit has not expressly addressed this issue, other courts have held that the effect of an Alford plea on Heck's favorable termination requirement is nil. Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996); Ballard v. Burton, No. 1:99CV254-D-D, 2004 WL 1778820 at *3 (N.D. Miss. July 19, 2004); Calhoun v. Sanderson, No. Civ.A 01-3765, 2003 WL 1595088 (E.D. La. March 25, 2003); Howard v. Del Castillo, 2001 WL 1090797 (E.D. La. Sept. 17, 2001); Johnston v. Town of Greece, 983 F. Supp. 348, 359-60 (W.D.N.Y. 1997). In other words, the Plaintiff's decision to forego trial and enter an Alford plea dos not satisfy Heck's definition of an invalid sentence or conviction. Resultantly, the Plaintiff cannot demonstrate that the plea is invalid or has been called into question. Therefore, the Court concludes that summary judgment should be granted in favor of the Defendants.

2. Malicious Prosecution and False Arrest Claims

Though meager, the Plaintiff has attempted to state claims for malicious prosecution and false arrest. However, both of these claims are doomed to fail for similar reasons. Before a malicious prosecution claim accrues, the underlying criminal prosecution must have terminated in the plaintiff's favor. It is undisputed that the underlying criminal case here did not terminate in the Plaintiff's favor. Pete v. Metcalfe, 8 F.3d 214, 219 (5th Cir. 1993) (plea of nolo contendere does not equate to a favorable termination as required by a malicious prosecution claim); Scribner v. Dillard, 269 F. Supp. 2d 716, 719-20 (N.D. Miss. 2003) (plea later expunged did not satisfy the "favorable

termination" element for a malicious prosecution claim). Therefore, the Defendants' motions for summary judgment shall be granted as to the Plaintiff's malicious prosecution claim.

Similarly, a claim for false arrest will not succeed, where as here, the plaintiff pled guilty to a charge for which he was arrested. <u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir. 1995). Just as his 1983 and malicious prosecution claims, Austin's false arrest claim also collides with the rationale of <u>Heck</u>. As a result, the Plaintiff's false arrest claim cannot withstand summary judgment.

### 3. Equal Protection and Due Process

Though not clearly articulated or identified, presumably the Plaintiff is complaining that there was an illegal search and seizure which violated his right to equal protection and due process. As has been the result throughout, any equal protection or due process claim is barred by the holding in <u>Heck</u>. <u>See</u> <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1996) (applying <u>Heck</u> to a due process claim); <u>Salts v. Moore</u>, 107 F. Supp. 2d 732, 736-38 (N.D. Miss. 2000) (applying <u>Heck</u> to a claim of illegal search and seizure). Therefore, summary judgment shall be granted as to the Plaintiff's purported equal protection and due process claims.

### 4. Fifth, Sixth, Eight and Fourteenth Amendment Claims

The Plaintiff has devoted little to no time addressing the above claims. As noted previously, the Plaintiff has not responded to the motions for summary judgment and has failed to comply with the rules of discovery including a court order compelling the same. Due to the Plaintiff's lack of concern, his failure to respond to certain requests has resulted in conclusive admissions. <u>See</u> Fed. R. Civ. P. 36. In combination with the disorganized and deficient complaint, it is dubious that the Plaintiff has actually stated a claim upon which relief may be granted much less created a genuine issue of material fact. Hence, with the same cursory treatment, the Court finds that summary

judgment should be granted as to any Fifth, Sixth, Eight and Fourteenth Amendment claims the Plaintiff may have attempted to maintain against all Defendants.

*D. Conclusion*

The Plaintiff has completely failed to put forth any effort in support of his claims. In contrast, the Defendants have submitted compelling proof and argument refuting each of the Plaintiff's attempted claims. It is highly unlikely that any response could have overcome the preclusive effect of <u>Heck v. Humphrey</u>. Accordingly, the Plaintiff has failed to present a triable issue of fact. Thus, summary judgment shall be granted as to all the Plaintiff's claims against all Defendants.

SO ORDERED, this April 18, 2005.

/s/ Glen H. Davidson
Chief Judge